IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSS HARVEY DeSPENZA, E92203,                )
                                             )
            Petitioner,                      )        No. C 14-3463 CRB (PR)
                                             )
    vs.                                      )        ORDER OF DISMISSAL
                                             )
RON DAVIS, Acting Warden,                    )        (Dkt. #21, 25, 27 & 28)
                                             )
            Respondent.                      )
                                             )
_____         )

I.

Petitioner, a California state prisoner incarcerated at San Quentin State Prison (SQSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging a 1991 conviction and sentence from Los Angeles County Superior Court.  Dkt. #18.

II.

It is well established that 28 U.S.C. § 2241 is the proper jurisdictional basis for a habeas petition by a state prisoner who is <u>not</u> in custody "pursuant to the judgment of a State court," 28 U.S.C. § 2254, for example, a pre-trial detainee, a prisoner whose conviction has been reversed on appeal or a prisoner awaiting extradition, <u>see</u> <u>Hoyle v. Ada County</u>, 501 F.3d 1053, 1058 (9th Cir. 2007) (pre-trial double jeopardy challenge); <u>Stow v. Murashige</u>, 389 F.3d 880, 885-88 (9th Cir. 2004) (conviction reversed on appeal); <u>White v. Lambert</u>, 370 F.3d 1002, 1006 (9th Cir. 2004) (listing "awaiting extradition" and pretrial

detention as examples of when § 2241 applies), <u>overruled on other grounds by</u> <u>Hayward v. Marshall</u>, 603 F.3d 546, 554 (9th Cir. 2010) (en banc); <u>McNeely v.</u> <u>Blanas</u>, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (pretrial detainee).  But § 2254, not § 2241, provides the proper jurisdictional basis for a habeas petition by a state prisoner "in custody pursuant to a state court judgment at the time he filed his federal habeas petition." <u>White</u>, 370 F.3d at 1004 (habeas petition attacking legality of detention by state prisoner in custody pursuant to state court judgment must be brought under § 2254, even if challenged detention is result of administrative decision by state prison authorities).

Because Petitioner was in custody pursuant to a state court judgment at the time he filed the instant federal habeas petition challenging his 1991 conviction and sentence from Los Angeles County Superior Court, "28 U.S.C. § 2254 is the proper jurisdictional basis for his habeas petition."  <u>Id.</u>

III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice to filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Central District of California after exhausting state judicial remedies as to all claims.  <u>See</u> <u>Dannenberg v. Ingle</u>, 831 F. Supp. 767, 767 (N.D. Cal. 1993) (petitions challenging conviction/sentence preferably heard in district of conviction).

The clerk shall enter judgment in accordance with this order, terminate all pending motions (see dkt. #21, 25, 27 & 28) as moot and close the file.

SO ORDERED.

DATED:  Dec. 12, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.14\DeSpenza, R.14-3463.dismissal.wpd